COMMUNITY STATE BANK, Cash America Financial Services, Inc., Cash America International, Inc., Georgia Cash America, Inc., Daniel R. Feehan, Petitioners–Appellants,

v.

**James STRONG, Respondent–Appellee.**

**No. 06–11582.**

United States Court of Appeals, Eleventh Circuit.

April 20, 2009.

John G. Parker, Paul, Hastings, Janofsky & Walker, LLP, Christopher J. Willis, Daniel D. Zegura, Richard H. Sinkfield, Rogers & Hardin, LLP, Atlanta, GA, Alan S. Kaplinsky, Ballard, Spahr, Andrews & Ingersoll, LLP, Philadelphia, PA, for Petitioners–Appellants.

Roy E. Barnes, John Raymond Bevis, The Barnes Law Group, Marietta, GA, Jennifer Auer Jordan, Pate & Brody, LLP, Atlanta, GA, for Respondent–Appellee.

Imre Stephen Szalai, Cal. Western Sch. of Law, San Diego, CA, Pierre H. Bergeron, Squire, Sanders & Dempsey, L.L.P., Cincinnati, OH, Mark C. Dosker, Squire, Sanders & Dempey, San Francisco, CA, for Amicus Curiae.

Before EDMONDSON, Chief Judge, and TJOFLAT, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON, PRYOR and ANDERSON, Circuit Judges.

---

BY THE COURT:

On September 10, 2007, we granted rehearing *en banc* of our decision in *Community State Bank v. Strong*, 485 F.3d 597 (11th Cir.2007), to consider whether a federal court may look through a petition to compel arbitration of a claim in order to determine whether the court has jurisdiction. *See Community State Bank v. Strong*, 508 F.3d 576 (11th Cir.2007). In the time since we granted rehearing *en banc*, the Supreme Court has granted certiorari in *Discover Bank v. Vaden*, 396 F.3d 366 (4th Cir.2005), to decide essentially the same question, and on March 9, 2009, issued its decision in *Vaden*. *See Vaden v. Discover Bank*, — U.S. —, 129 S.Ct. 1262, 173 L.Ed.2d 206 (2009). The Supreme Court determined that a federal court may look through a petition to compel arbitration to determine whether it has jurisdiction over the petition. *See id.* at 1268.

In light of this development, we have concluded that this case no longer merits *en banc* review. *See United States v. Drury*, 396 F.3d 1143, 1144 (11th Cir.2005) (*en banc*) ("Rehearing en banc is disfavored and ordinarily will not be ordered unless it is necessary to maintain uniformity in the Court's decisions or ... if the proceeding involves a question of exceptional importance.") (quoting Fed. R.App. Proc. 35(a); citing 11th Cir. R. 35–3).

Accordingly, we VACATE the order of September 10, 2007 granting rehearing *en banc*, and REMAND the case to the panel for further consideration in light of *Vaden*.