[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-11582

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02608-CV-WSD-1

COMMUNITY STATE BANK,
CASH AMERICA FINANCIAL SERVICES, INC.,
CASH AMERICA INTERNATIONAL, INC.,
GEORGIA CASH AMERICA, INC.,
DANIEL R. FEEHAN,

Petitioners-Appellants,

versus

JAMES STRONG,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 20, 2009)

Before EDMONDSON, Chief Judge, TJOFLAT, BIRCH, DUBINA, BLACK, CARNES, BARKETT, HULL, MARCUS, WILSON, PRYOR and ANDERSON, Circuit Judges.

B Y T H E C O U R T:

On September 10, 2007, we granted rehearing en banc of our decision in Community State Bank v. Strong, 485 F.3d 597 (11th Cir. 2007), to consider whether a federal court may look through a petition to compel arbitration of a claim in order to determine whether the court has jurisdiction. See Community State Bank v. Strong, 508 F.3d 576 (11th Cir. 2007). In the time since we granted rehearing en banc, the Supreme Court has granted certiorari in Vaden v. Discover Bank, 396 F.3d 366 (4th Cir. 2005), to decide essentially the same question, and on March 9, 2009, issued its decision in Vaden. See Vaden v. Discover Bank, 129 S. Ct. 1262 (2009). The Supreme Court determined that a federal court may look through a petition to compel arbitration to determine whether it has jurisdiction over the petition. See id. at 1268.

In light of this development, we have concluded that this case no longer merits en banc review. See United States v. Drury, 396 F.3d 1143, 1144 (11th Cir. 2005) (en banc) ("Rehearing en banc is disfavored and ordinarily will not be ordered unless it is necessary to maintain uniformity in the Court's decisions or . . . if the proceeding involves a question of exceptional importance.") (quoting Fed. R. App. Proc. 35(a); citing 11th Cir. R. 35-3).

Accordingly, we VACATE the order of September 10, 2007 granting rehearing en banc, and REMAND the case to the panel for further consideration in

2

light of <u>Vaden</u>.